Judge Underwood,
delivered the opinion of the court.
This is a bill of review, filed by the ap-pellees, with leave of the court, to correct errors of law apparent on the face of the record of a suit instituted by Edmonson, against the heirs of Wm. Marshall. Upon an examination of the record brought under review, it is clearly apparent; that the decree contains *449 error, to the prejudice of the appeileds. Their ancestor bound himself to convey five thousand acres of land, part of a larger tract, to Edmonson. The bill filed by Edmonson only claimed five .thousand acres, The contract, made an exhibit in the bill, entitled him to five thousand acres, and no ‘more. Notwitbstan-ding this, the decree rendered in the cause, appoints a commissioner and directs him to convey to Edmon-son “so much of the tract of 13614 acres as had been previously conveyed by James A. Paxton, com’r. &c. to Wm. Marshall,'and by the boundaries in said deed of conveyance set forth, &c.” The deed from Pax-ton, conveys 5559 acres to Wm. Marshall, ancestor of the appellees. Thus the record, upon its face, shews that Edmonson has obtained 559 acres, by the decree, more than he claimed by his bill, and that quantity more than he was entitled to under the contract with Wm. Marshall. By the contract Wm. Marshall was to be responsible, in case of the loss of the land, for 20 shillings per acre for each acre lost, with interest &c. The same responsibility is made to devolve on the appelleess, by the decree; and by the error committed against them, they will be made liable, in case of the entire loss of the land, forj£559, with interest, more-than they in justice should be bound for. An error of such a palpable character, ought to be corrected, unless there be some legal or equitable bar.
}0^c^ hon-^ dree! and fifty ““1<5 acres claimedmlhe bill or due un-tr^et'exhibit-ed, deemed sufficient f¡re°f¿ül"^of review,
The appellant contends that the decree was rendered by consent, and therefore, the appellees cannot complain of it. There is no ground for saying that the appellees, in person, consented to the decree, nor is it pretended they did, but it is insisted that they did so by their guardian ad litem. The language of the decree relied on, solely, in support of the position that the decree was entered by consent, does not, in oar opinion, sustain it. The decree does not state that the guardian ad litem admitted any thing, but it says that the cause came on upon the bill answer and exhibits, liand ike answer of the defendants, by A. K. Marshall, their guardian, appointed to defend, having admitted, &c.” thus pointing to the answer as having admitted the facts upon which the court based the decree. Upon examining the answer, it will be found that it admits the truth of the allegations of the bill, and consents that a decree may “be now rendered,b *450 and a commissioner appointed to convey. There is no consent given that the quantity of land may be enlarged, and that a conveyance shall be made according to the boundaries set forth in the deed from Paxton. These are the unauthorized inferences of the court, placed in the decree," to the injury of the appellees; and of which they justly complain in the bill of review.
When a bill of review,is founded on uniters ot law on the fiv e of the record, an answer which brings forward matters of fact should be rejected.
Oomyilain-ants, proved to be heirs (as represented in their bill) by the state of the pleadings
Three years, being ibo limitation to writs of error, will, “proba-bli ” bar a bill of review which seeks to correct errors apparent on the face of a decree or record.
The compromise, which Edmonson contends be made, whereby he was to accept a deed for the whole quantity laid off and conveyed by Paxton to Wm. Marshall, is not mentioned in his original bill;and consequently, the decree can derive no support from such compromise if it really exists.
The answer of Edmonson,bringing forward matters offset, was propc.ily rejected by.the court. The bill placed the grounds for review, not upon allegations of fact, but upon matters of law upon the face of the record. The facts set forth in the answer, could not operate upon the questions of law, which alone were presented. If there was any fact transpiring since the decree to cure the error complained of, for example a release, it could have been pleaded, and thus by plea or demurrer, it was in the power of Edmonson to make a full defence to the bill of review. He seems to have been well advised as to the mode of defending, and he did file a plea and demurrer; see II. Maddox 541.
It is contended that there is no proof shewing that the appellees, who were complainants in the bill of review, are the heirs of Wm. Marshall, and authorised to maintain the bill of review as such. The characters in which the appellees sued, are admitted by the state of the pleading. The demurrer to the bill admits they are the heirs, and the plea filed does not question it. Moreover, it appears that the names are in part the same with those sued by the appellant, as the heirs of Wm. Marshall; and there is no plea that there isa misjoinder of parties, nor is there any plea that three years have elapsed from the rendition of the decree, before the filing of the bill of review. — . That time running, being the limitation to writs of error, would probably be a bar to the prosecution of a bill of review, to correct errors apparent upon the face of the decree or record.
Crittenden, for appellant; Julian, Mills and Brown, for appellees.
We have not deemed it important to enquire whether the original decree in favor of Edmonson, is void or not, as contended by the appellees. They have deemed it of sufficient validity to ask its correction. Upon full consideration we think there is no error.
Wherefore, the decree is affirmed with costs.